EASTERN DIST.
March, 1832.
─────────
THOMPSON
vs.
DUPUY ET ALS.

─────────

### THOMPSON vs. DUPUY ET ALS.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

By the old Civil Code, the vendee could not resist payment of the price, unless he was disturbed by a suit.

If a suit by which the vendee is disturbed, be dismissed, he cannot resist the vendors claim for payment of the price.

A suit which is terminated is, as if it had never been instituted.

The facts are stated in the opinion of the court, delivered by Porter, J.

The plaintiff sought for, and obtained an injunction, to prevent his vendor enforcing payment of the price of a tract of land. The grounds, alleged for this relief, were, that the title was dubious and defective, and that the petitioner was disturbed by a suit, in which certain persons claimed part of the premises.

The court on hearing the parties, dissolved the injunction, and the plaintiff appealed.

The suit which was referred to in the petition, was dismissed, or rather there was judgment in it of non-suit, previous to the hearing in this cause. The record of it has, however, been referred to, to show that the plaintiff is yet in danger of eviction.

By the old Civil Code, the vendee could not resist payment of the price, unless he was disturbed by a suit.

The contract, on which this litigation has arisen, was entered into, in the year 1822, while the provisions of the old Civil Code were in force, and by the rules there established, this case must be governed. 7 N. S., 236. 6 ibid., 585.

According to its provisions, the vendee could not resist payment of the price, unless he was disturbed by a suit.    In the case of *Gardere* vs. *Foucher et als.*, we held, that where the suit, by which the buyer had been disturbed, was dismissed previous to the trial of the case in injunction, that it did not authorise him to resist the vendors claim for payment.    A suit which has terminated, is, as if it never had been instituted. The disturbance produced by it, ends with the pendency of the action.    4 *N. S.* 354.    3 *ibid.*, 111.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.